justify the issuance of a temporary injunction. The plaintiffs, for a second cause of action, complained that the transfer was void because made in violation of section 70 of the Public Service Commission Law.* We are not prepared to hold that the cause of action thus attempted to be stated has legal merit. Whether or not the transfer was absolutely void we shall continue to regard as an open question. Order unanimously affirmed, with ten dollars costs and disbursements. Van Kirk, J., not sitting.

WILLIAM D. BRINNIER, JR., Respondent, v. FRANK D. PATTERSON and Another, Appellants.— Judgment unanimously affirmed, with costs.

HERBERT I. GLASS, Respondent, v. FERNCLIFF GAME PRESERVE, INC., a Domestic Corporation, and Another, Appellants, Impleaded with Others, Defendants.— Order unanimously affirmed, with ten dollars costs and disbursements.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant, v. THE STATE BOARD OF TAX COMMISSIONERS, Respondent. (Special Franchise Assessments, City of Dunkirk, 1911.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant, v. THE STATE BOARD OF TAX COMMISSIONERS, Respondent. (Special Franchise Assessments, City of Dunkirk, 1912.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, v. THE STATE TAX COMMISSION, Respondent. (Special Franchise Assessments, City of Dunkirk, 1915.) — Orders unanimously affirmed, with costs.

VINCENZO SALAMONE, Respondent, v. ORIN D. ROSE, Doing Business under the Firm Name and Style of O. D. ROSE MOTOR COMPANY, and Another, Appellants. — Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event, on the ground that the plaintiff did not return the car in question in substantially the same condition in which it was received. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. SATOUT ABOWAGIE, Respondent, v. VACUUM OIL COMPANY, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MARIANA BINT AHMED and Others, Respondents, v. DONNER STEEL COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the death benefit award is made without any legal evidence to support it. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE P. ALBERT, Respondent, v. HYMAN ABRAMOWITZ and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the claim was not filed within one year. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JOSEPHINE ALLEN, Respondent, v. MARTHA R. SCUDDER and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. VINCENT BAKA, Respondent, v. AMERICAN RADIATOR COMPANY and Another, Appellants.— Award reversed

* Amd. by Laws of 1921, chap. 134.— [REP.

and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that in measuring the vision of the claimant acuity of vision has alone been considered; and upon the authority of *Struble* v. *Vacuum Oil Co.* (*post*, p. 844), decided herewith. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. KATHERINE BALLOS, Appellant, v. MUNSON STEAMSHIP LINE and Another, Respondents.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent. ELIZABETH BALSER, Respondent, v. BROOKLYN IRON WORKS, INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE BARKER, Respondent, v. TREMAN, KING COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that claimant was an independent contractor. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. NORMAN BARTH, Respondent, v. WILL CORPORATION and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. PAULINE S. BECKER, Respondent, v. AUGUST SCHUL and Another, Appellants.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent. FRANK BELL, Respondent, v. LINCOLN ENGINEERING CORPORATION, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. SAVERINE BELLAMO, Respondent, v. RUMSEY PUMP COMPANY, LTD., Appellant.— Motion granted, unless, within thirty days, appellant perfects its appeal, in which case motion is denied.

Before STATE INDUSTRIAL BOARD, Respondent. CATHERINE BENSON, Respondent, v. ALEXANDER SMITH & SONS CARPET COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that no written notice of death was given; and there being neither proof nor finding that the employer had knowledge of an accident, if any there were, the failure to give notice has not properly been excused. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. IKE BERGER, Respondent, v. IKE BERGER, INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. PASQUALE BERNARDINE, Respondent, v. SALVATORE INDELICATO and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that in measuring the vision of the claimant acuity of vision has alone been considered; and upon the authority of *Struble* v. *Vacuum Oil Co.* (*post*, p. 844), decided herewith. The matter is also remitted for further consideration of causal relation. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JACOB BERNIUS, Respondent, v. ERNEST GIMBEL and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, because the finding of partial loss of use of hand is not sustained by any evidence. All concur.

B. COOK BROADFOOT, Respondent, v. BERT E. PUDNEY, Appellant.— Motion granted, with ten dollars costs, unless the appellant perfects his appeal by October twentieth, and pays said costs, in which event motion is denied.